UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRYAN CAICEDO, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>LINKSQUARES INC.<br><br>Defendant. | Civil Action No. 24-12642<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Bryan Caicedo, on behalf of himself and all others similarly situated, by and through his attorneys, Outten & Golden LLP and Fair Work, P.C., complaining of the conduct of Defendant LinkSquares Inc. ("LinkSquares"), upon personal knowledge as to himself and information and belief as to other matters, alleges as follows:

**PRELIMINARY STATEMENT**

1.      This lawsuit seeks to recover unpaid overtime compensation and other damages for Plaintiff and similarly situated individuals who work or have worked for LinkSquares as exempt-classified inside salespeople in the United States, in the job titles: Account Executive, Sales Development Representative, Business Development Representative, and other similar positions, however variously titled (collectively, "Sales Representatives").

2.      LinkSquares is a contract management and legal analytics tool for in-house legal and finance teams, with its headquarters in Boston, Massachusetts.

3.      LinkSquares sells contract management and legal software to clients nationally.

4.      LinkSquares employs Sales Representatives, such as Plaintiff, to make sales to prospective clients.

1

5. LinkSquares requires its Sales Representatives to meet productivity requirements, including daily call quotas. Plaintiff and similarly situated employees work long hours, often in excess of 40 hours per workweek, in order to complete required tasks, meet productivity requirements, and earn commissions.

6. While employed by LinkSquares, Plaintiff consistently worked more than 40 hours per workweek without receiving overtime compensation.

7. During the relevant period, it has been LinkSquares's policy to uniformly classify Sales Representatives, including Plaintiff, as exempt from overtime provisions and not to pay Sales Representatives any overtime wages.

8. The primary duties of Sales Representatives are non-exempt. These primary inside sales duties do not vary significantly from one Sales Representative to another.

9. The primary duties of Sales Representatives do not fall under any overtime exemption.

10. Sales Representatives have worked overtime hours and are entitled to overtime compensation for all overtime hours worked.

11. Throughout the relevant period, it was LinkSquares's policy to deprive Plaintiff and other Sales Representatives of overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Massachusetts Wage Act, M.G.L. c. 149, §§ 148, 150, *et seq.*, and the Massachusetts Minimum Fair Wage Laws, M.G.L. c. 151, §§ 1, *et seq.* (collectively, the "Massachusetts Wage Laws").

12. Plaintiff brings this action on behalf of himself and all similarly situated current and former Sales Representatives who worked for LinkSquares pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq.*

13. Plaintiff also brings this action to recover unpaid overtime compensation and other damages for himself and similarly situated Sales Representatives employed by LinkSquares in Massachusetts as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure to remedy violations of the Massachusetts Wages Laws, M.G.L. c. 149, §§ 148, 150, *et seq.*, and M.G.L. c. 151, §§ 1, *et seq.*

## JURISDICTION AND VENUE

14. This Court has federal question jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

15. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because the state law claims and the federal claims are so closely related that they form part of the same case or controversy under Article III of the United States Constitution.

16. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

17. Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391(b) because LinkSquares is headquartered in this District and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## THE PARTIES

*Plaintiff Bryan Caicedo*

18. Plaintiff is an adult resident of Medford, Massachusetts.

19. From approximately October 2021 to approximately July 2022, Plaintiff worked for LinkSquares in its Boston, Massachusetts office as an Account Executive, i.e., in a Sales Representative position.

3

20. At all times relevant to the Complaint, Plaintiff was an "employee" within the meaning of all applicable statutes.

21. Plaintiff regularly worked more than 40 hours in a workweek but was not paid for all hours he worked over 40 in a workweek. Illustratively, to the best of his recollection, during the week of May 16, 2022, Mr. Caicedo worked 10 to 12 overtime hours without overtime compensation.

22. A written consent to sue form for Plaintiff, pursuant to 29 U.S.C. § 216(b), is attached hereto as **Exhibit A**.

23. Pursuant to M.G.L. c. 149, § 150, Plaintiff filed a complaint with the Massachusetts Attorney General's Office on October 2, 2024. Plaintiff received his right-to-sue letter from the Attorney General's office on October 3, 2024, authorizing him to bring an action on his own behalf "and on behalf of other similarly situated workers."

***Defendant LinkSquares Inc.***

24. LinkSquares is a single company with its sole office in Boston, Massachusetts (Suffolk County).

25. Upon information and belief, LinkSquares is a corporation formed under the laws of the State of Delaware, with its principal place of business in Boston, Massachusetts.

26. Upon information and belief, LinkSquares has maintained control, oversight, and direction over its operations and employment practices.

27. At all times relevant to this Complaint, LinkSquares was Plaintiff's employer within the meaning of all applicable statutes.

28. At all times relevant to this Complaint, LinkSquares maintained control, oversight, and direction over Plaintiff and other Sales Representatives, including timekeeping, payroll and other employment practices that applied to them.

29. LinkSquares has applied the same employment policies, practices, and procedures to all Sales Representatives, including policies, practices, and procedures with respect to the payment of overtime compensation.

30. LinkSquares's annual gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(1)(A)(ii).

31. Upon information and belief, LinkSquares has received $100 million in Series C funding and has a valuation of approximately $800 million.

## FLSA COLLECTIVE ACTION CLAIMS

32. Plaintiff brings the First Cause of Action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of himself and all similarly situated individuals who work or have worked for LinkSquares as exempt-classified Sales Representatives nationwide within the last three years and who elect to opt into this action (the "FLSA Collective").

33. Upon information and belief, there are dozens of current and former Sales Representatives who are similarly situated to Plaintiff and were denied overtime compensation.

34. Plaintiff is acting on behalf of LinkSquares's current and former Sales Representatives' interests as well as his own interests in bringing this action.

35. LinkSquares has unlawfully required Plaintiff and other Sales Representatives to work in excess of 40 hours per week without paying them overtime compensation at a rate of at least one and one-half times their regular hourly rate for all overtime hours worked.

36. Upon information and belief, LinkSquares applied the same unlawful policies and practices to its Sales Representatives nationwide.

37. LinkSquares has been aware or should have been aware that the law required it to pay Sales Representatives, including Plaintiff and the FLSA collective, an overtime premium of one and one-half times their regular rate of pay for all overtime hours LinkSquares suffered or permitted them to work.

38. Upon information and belief, LinkSquares applied the same unlawful policies and practices to its Sales Representatives nationwide.

39. Upon information and belief, LinkSquares's unlawful conduct was widespread, repeated, and consistent.

40. The FLSA Collective members are readily identifiable and locatable through the use of LinkSquares's records. The FLSA Collective members should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, the FLSA Collective members, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by LinkSquares.

## CLASS ACTION ALLEGATIONS

41. Plaintiff brings the Second and Third Causes of Action pursuant to Fed. R. Civ. P. Rule 23 on behalf of himself and all similarly situated Sales Representatives employed by LinkSquares in Massachusetts since October 17, 2021.

42. Excluded from the Massachusetts Class are LinkSquares's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during

the relevant period has had, a controlling interest in LinkSquares, and the Judge(s) to whom this case is assigned and any member of the Judge(s)' immediate family.

43. The members of the Massachusetts Class are so numerous that joinder of all members is impracticable.

44. Upon information and belief, the size of the Massachusetts Class is at least 85 individuals.

45. The Second and Third Causes of Action are properly maintainable as a class action. Common questions of law and fact exist as to the members of the Massachusetts Class that predominate over any questions affecting only them individually and include, but are not limited to, the following:

    a. whether LinkSquares improperly classified Sales Representatives as exempt employees;

    b. whether LinkSquares failed to pay proper compensation to the Massachusetts Class for all work hours in excess of 40 per workweek;

    c. whether LinkSquares failed to maintain proper records of the hours worked by the Massachusetts Class;

    d. whether LinkSquares failed to pay proper and timely compensation to the Massachusetts Class for all hours worked upon separation; and

    e. the nature and extent of the Class-wide injury and the appropriate measure of damages sustained by the Massachusetts Class.

46. Plaintiff's claims are typical of those claims which could be alleged by any member of the Massachusetts Class, and the relief sought is typical of the relief which would be sought by each member of the Massachusetts Class in separate actions.

47. Plaintiff fairly and adequately protects the interests of the Class and has no interests antagonistic to the Class. Plaintiff understands that as a class representative, he assumes a fiduciary responsibility to the Massachusetts Class to represent its interests fairly and

adequately. Plaintiff recognizes that as a class representative, he must represent and consider the interests of the Massachusetts Class just as he would represent and consider his own interests. Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interests over the interests of the Massachusetts Class. Plaintiff recognizes that any resolution of a class action must be in the best interest of the class. Plaintiff understands that in order to provide adequate representation, he must be informed of developments in the litigation, cooperate with class counsel, and testify at deposition and/or trial. There is no conflict between Plaintiff and the Massachusetts Class members.

48. Plaintiff is represented by attorneys who are experienced and competent in both class litigation and employment litigation.

49. All the members of the Massachusetts Class were subject to the same corporate policies, as alleged herein. LinkSquares's corporate-wide policies and practices affected all members of the Massachusetts Class similarly. Plaintiff and other members of the Massachusetts Class sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

50. LinkSquares has acted or refused to act on grounds generally applicable to the Massachusetts Class thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

51. Massachusetts Class members were damaged and are entitled to recovery as a result of LinkSquares's violations of the Massachusetts Wage Laws as well as LinkSquares's common and uniform policies, practices, and procedures.

52. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where

individual class members may lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.

53. Although the relative damages suffered by individual members of the Massachusetts Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. The individual Massachusetts Class members lack the financial resources to conduct a thorough examination of LinkSquares's compensation policies and practices and to vigorously prosecute claims against LinkSquares to recover such damages.

54. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about LinkSquares's practices.

## COMMON FACTUAL ALLEGATIONS

55. Plaintiff and the members of the FLSA Collective and the Massachusetts Class (collectively, "Class Members") have been victims of LinkSquares's common policies and practices that violated their rights under the FLSA and Massachusetts Wage Laws by requiring Sales Representatives to work in excess of 40 hours per week without overtime compensation for all overtime hours worked.

56. LinkSquares employs Sales Representatives to sell its contract management and legal software.

57. Under the FLSA and the Massachusetts Wage Laws, an employee is eligible for overtime compensation unless an exemption applies.

58. The primary duties of Plaintiff and Sales Representatives do not fall under any of the exemptions under overtime laws.

59. Sales Representatives perform inside sales work as their primary duty. "Inside sales" work means work performed by an employee from an employer's office (or a home office), as opposed to "outside sales" work, which involves traveling, such as door-to-door sales. Sales Representatives' inside sales duties include identifying prospective customers, cold calling prospects, qualifying leads, booking sales calls, and/or closing sales.

60. Sales Representatives do not and did not meet customers in person, but rather spent and spend virtually all of their time performing inside sales work via internet research and phone and email outreach.

61. Plaintiff and Sales Representatives are and were eligible to earn commissions based on various performance indicators.

62. Commissions do not and did not constitute the majority of Plaintiff's and other Sales Representatives' earnings.

63. Throughout their employment, Plaintiff and Class Members consistently worked more than 40 hours per week.

64. Upon information and belief, LinkSquares knew or should have known that overtime work was necessary for Sales Representatives to meet its job expectations, and yet it failed to pay overtime for such work.

65. LinkSquares set sales quotas and productivity metrics for Sales Representatives to meet.

66. LinkSquares fostered a competitive environment, encouraging its Sales Representatives to work long hours to hit sales metrics and earn commissions.

67. LinkSquares had daily morning meetings for Sales Representatives, told Sales Representatives not to leave the office early, and encouraged Sales Representatives to perform extra work on the weekends.

68. LinkSquares managers told Sales Representatives that if they could not match LinkSquares's pace of work, including long hours, they would not be successful at LinkSquares, but at the same time LinkSquares failed to pay overtime for hours worked over 40.

69. Plaintiff worked and Sales Representatives worked and work overtime hours to meet LinkSquares's job requirements, identify and communicate with potential customers to sell them LinkSquares's products, and attempt to meet the sales quotas and productivity metrics set by LinkSquares.

70. All of the work performed by Class Members was assigned by LinkSquares, and LinkSquares was aware that Plaintiff and Class Members worked more than 40 hours per workweek, yet LinkSquares failed to pay them any overtime compensation.

71. LinkSquares tracked numerous aspects of Sales Representatives' sales "activity" (i.e., calls, emails, and sales meetings booked), and yet LinkSquares did not keep accurate record of hours worked by Plaintiff and Class Members.

72. Upon information and belief, LinkSquares has and had a policy and pattern or practice of requiring Plaintiff and Class Members to work in excess of 40 hours per workweek, without overtime compensation.

73. LinkSquares failed to pay Plaintiff and failed and fails to pay Class Members time and one-half for all hours worked over 40 in a workweek in violation of the FLSA and the Massachusetts Wage Laws.

74. As part of its regular business practice, LinkSquares has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy that violates the FLSA and the Massachusetts Wage Laws.

75. LinkSquares's policy and pattern or practice includes but is not limited to:

    a. Willfully misclassifying Plaintiff and Class Members as exempt from the protections of federal and state overtime laws;

    b. Willfully failing to record all of the time that its employees, including Plaintiff and Class Members, worked for the benefit of LinkSquares;

    c. Willfully failing to keep payroll records as required by the FLSA and Massachusetts Wage Laws; and

    d. Willfully failing to pay its employees, including Plaintiff and Class Members, overtime wages for all of the overtime hours that they worked.

76. LinkSquares was or should have been aware that that federal and state wage and hour laws required LinkSquares to pay its Sales Representatives overtime compensation for all hours worked in excess of 40 per week.

77. LinkSquares describes itself as the "go-to platform for all your legal tech needs."[1]

78. Upon information and belief, as a legal technology company, LinkSquares's leadership was or should have been aware of legal compliance requirements and legal developments concerning applicable wage and hour laws, such as the requirement to pay overtime under federal and state law.

79. Upon information and belief, given LinkSquares's high ($800 million) valuation, it had, or should have had, adequate resources to ensure that it was complying with applicable wage and hour laws, such as the requirement to pay overtime to employees unless a specific overtime exemption applies.

---

[1] *About LinkSquares*, https://linksquares.com/about-us/ (last visited Sept. 25, 2024).

80. LinkSquares was aware, or should have been aware, that Plaintiff's and other Sales Representatives' primary duties were sales-related tasks, based on its own job description for Account Executives, who "are responsible for owning the entire sales process with new customers -- everything from research, prospecting, outreach, engagement, and close" and "[a]cquire new customers by creatively researching, emailing and cold calling leads/accounts."[2]

81. LinkSquares was aware that Plaintiff and other Sales Representatives performed their duties "inside" – that is, from its offices or their homes, based on the work LinkSquares assigned to Sales Representatives.

82. Upon information and belief, LinkSquares was aware, or should have been aware, that inside sales duties do not fall within any overtime exemption under the FLSA or state wage and hour laws.

83. Upon information and belief, LinkSquares was aware, or should have been aware, that it had to keep full and accurate records of the time Sale Representatives worked, but it failed to do so.

84. Upon information and belief, LinkSquares failed to keep full and accurate records in order to mitigate liability for its wage and hour violations.

85. LinkSquares knew or should have known that the nonpayment of overtime pay would financially injure Plaintiff and other Sales Representatives.

86. Plaintiff sent LinkSquares written correspondence on July 8, 2024 regarding Plaintiff's overtime claims.

87. Upon information and belief, LinkSquares did not thereafter change its practice of classifying Sales Representatives as exempt employees.

---

[2] Exhibit B (October 2024 Account Executives Job Description).

88. LinkSquares's failure to pay Plaintiff and Class Members overtime wages for their work in excess of 40 hours per week was willful, intentional, and in bad faith. LinkSquares did not ensure that its compensation practices with respect to Plaintiff and other Sales Representatives complied with federal or state law.

**FIRST CAUSE OF ACTION**
**FLSA – Overtime Wages**
**29 U.S.C. §§ 201, *et seq.***
**(Brought by Plaintiff individually and on Behalf of the FLSA Collective)**

89. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

90. Plaintiff and members of the FLSA Collective are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

91. LinkSquares employed Plaintiff and members of the FLSA Collective for workweeks longer than 40 hours and willfully failed to compensate Plaintiff for all of the time worked in excess of 40 hours per week, at a rate of at least one and one-half times his regular hourly rate, in violation of the requirements of Section 7 of the FLSA, 29 U.S.C. § 207(a)(1).

92. Plaintiff has expressed his consent to make these claims against LinkSquares by filing a written consent form, pursuant to 29 U.S.C. § 216(b).

93. LinkSquares failed to make a good faith effort to comply with the FLSA with respect to its compensation to Plaintiff and the FLSA Collective.

94. Because LinkSquares's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

95. As a consequence of the willful underpayment of wages, alleged above, Plaintiff

and members of the FLSA Collective have incurred damages thereby, and LinkSquares is indebted to them in the amount of the unpaid overtime compensation, together with interest, liquidated damages, attorneys' fees, and costs in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**Massachusetts Wage Law – Overtime Wages**
**M.G.L. c. 151, §§ 1A and 1B**
**(Brought by Plaintiff Individually and on Behalf of the Massachusetts Class)**

96. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

97. Massachusetts law requires employers, such as LinkSquares, to pay overtime compensation to all non-exempt employees for all hours worked over 40 per workweek.

98. Plaintiff and Class members are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

99. At all relevant times, Plaintiff and Class members worked in excess of 40 hours in a workweek.

100. At all relevant times, LinkSquares failed and refused to pay Plaintiff and Class members overtime compensation for all of their overtime hours worked.

101. The Massachusetts Wage Laws require that covered employees be compensated for all hours worked. M.G.L. c. 149 § 203, c.151 §§ 1A-B.

102. The Massachusetts Wage Laws require that covered employees be compensated for all hours worked over 40 hours per week at a rate not less than one and one-half times the regular hourly rate at pay at which they are employed. M.G.L. c.151 §§ 1A-B.

103. Defendant is subject to the wage requirements of the Massachusetts Wage Laws because it is an employer under M.G.L. c.150A § 2.

104. Defendant failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff and the Massachusetts Class members in violation of the Massachusetts Wage Laws.  M.G.L. c. 151 § 15, c. 149 § 150.

105. Defendant's compensation scheme that is applicable to Plaintiff and the Class failed to comply with M.G.L. c.151 §§ 1A-B.

106. As a direct and proximate result of LinkSquares's unlawful conduct, as set forth herein, Plaintiff and Class members have sustained damages, including loss of earnings for hours of overtime worked for the benefit of LinkSquares in an amount to be established at trial, treble damages, interest, and costs and attorneys' fees, and statutory penalties pursuant to M.G.L. c. 151 §1B.

## THIRD CAUSE OF ACTION
### Massachusetts Wage Law – Pay On Separation
### M.G.L. c. 149 §§ 148, 150
**(Brought by Plaintiff Individually and on Behalf of the Massachusetts Class)**

107. Plaintiff, on behalf of himself and all members of the Class, reallege and incorporate by reference all allegations in all preceding paragraphs.

108. At all relevant times, Plaintiff and Class members worked in excess of 40 hours in a workweek.

109. At all relevant times, LinkSquares failed and refused to pay Plaintiff and Class members overtime compensation for all of their overtime hours worked.

110. The Massachusetts Wage Laws require that covered employees be compensated for all hours worked.  M.G.L. c. 149 § 203, c.151 §§ 1A-B.

111. The Massachusetts Wage Laws further require that covered employees be timely paid all wages due, within seven days of separation.  M.G.L. c. 149 § 148.

112. As a direct and proximate result of LinkSquares's unlawful conduct, as set forth herein, Plaintiff and Class members have sustained damages, including loss of timely earnings paid at separation for hours of overtime worked for the benefit of LinkSquares in an amount to be established at trial, treble damages, interest, and costs and attorneys' fees pursuant to M.G.L. c. 149 § 150.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the FLSA Collective, requests that the Court enter the following relief:

A. Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consent to Join forms pursuant to 29 U.S.C. § 216(b);

B. An award of damages and liquidated damages to be paid by LinkSquares, according to proof;

C. Appropriate equitable and injunctive relief to remedy violations, including but not limited to an order enjoining LinkSquares from continuing its unlawful practices under the FLSA and/or a declaration that LinkSquares's acts violate the FLSA;

D. A reasonable service award to compensate Plaintiff for the time that he spent and will spend attempting to recover wages for the FLSA Collective and for the risks he took in doing so;

E. Costs of the action incurred herein;

F. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

G. Prejudgment and post-judgment interest as provided by law; and

H. Such other relief the Court may deem just and proper.

**WHEREFORE**, Plaintiff, individually and on behalf of the Massachusetts Class Members, requests that the Court enter the following relief:

A. Certification of this action as class action on behalf of the Class;

B. Designation of Plaintiff as the Representative of the Class he seeks to represent;

C. Designation of Plaintiff's counsel of record as Class Counsel for the Class;

D. An award of damages, treble damages, interest, and statutory penalties to be paid by LinkSquares according to proof;

E. Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining LinkSquares from continuing its unlawful practices under Massachusetts Wage Laws and/or a declaration that LinkSquares's acts violate the Massachusetts Wage Law;

F. A reasonable service award to compensate Plaintiff for the time he spent attempting to recover wages for Class members and for the risks he took in doing so;

G. Attorneys' fees and costs of suit;

H. Prejudgment and post-judgement interest, as provided by law; and

I. Such other relief as the Court may deem just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,


 /s/ Hillary Schwab
Hillary Schwab, BBO #666029
**FAIR WORK, P.C.**
192 South Street, Suite 450
Boston, MA 02111
Phone: (617) 607-3261
Fax:    (617) 488-2261

Melissa L. Stewart*
Emma R. Janger*
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Phone: (212) 245-1000
Fax:    (646) 509-2060

Mikael Rojas*
**OUTTEN & GOLDEN LLP**
1225 New York Ave., Suite 1200B
Washington, DC 20005
Phone: (202) 929-0640
Fax:    (202) 847-4410


*Motion for admission *pro hac vice* forthcoming


*Attorneys for Plaintiff and
the Putative Class and Collective*


**Dated:** October 17, 2024.