UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRYAN CAICEDO, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>LINKSQUARES INC.,<br><br>Defendant. | Civil Action No. 1:24-cv-12642-WGY<br><br>Judge William G. Young<br><br>*Feb 4, 2025*<br>*As ordered as modified as the case management scheduling order:*<br>*Discovery due Jan 23, 2026*<br>*Dispositive motions due* |

## JOINT STATEMENT AND REPORT OF RULE 26(f) MEETING

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 16, and the Court's January 10, 2025, Notice of Scheduling Conference, ECF No. 25, counsel for the parties conferred on January 16, January 27, 2025 and February 3, 2025, and hereby submit the following report of their meeting for the Court's consideration, in advance of the Scheduling Conference set for February 10, 2024:

**I.   Discussion of Claims, Defenses and Relevant Issues**

*Plaintiff's Statement*

Plaintiff Bryan Caicedo worked for LinkSquares, Inc. ("LinkSquares"), a contract management and legal analytics company, as a Sales Representative. LinkSquares employed and employs inside salespeople, including Plaintiff Caicedo and other "Sales Representatives"[1] to sell its products. Plaintiff's central allegation is that LinkSquares improperly classified Sales Representatives as exempt from overtime pay even though Sales Representatives spend their

---

[1] "Sales Representatives" are defined in the Complaint as exempt-classified inside salespeople in the job titles Account Executive, Sales Development Representative, Business Development Representative, and other similar positions, however variously titled, Compl. ¶ 1, ECF No. 1

workdays performing non-exempt sales-related tasks, and that LinkSquares therefore denied them proper compensation in violation of the Fair Labor Standards Act ("FLSA") and the Massachusetts Wage Law ("MWL"). Plaintiff brings an FLSA collective action and an MWL class action claim for unpaid overtime on behalf of Sales Representatives who work or have worked for LinkSquares since October 17, 2021. In his Complaint, Plaintiff seeks an award of damages according to proof, liquidated and treble damages, interest, appropriate equitable and injunctive relief, and attorneys' fees and costs. Notice of the lawsuit has not yet been issued to putative collective members, but one additional Sales Representative, Alexis Spring, has filed a consent to join form to opt in to the lawsuit. ECF No. 2-1.

Plaintiff identifies the primary factual issues in dispute as: Whether LinkSquares properly classifies Sales Representatives as exempt from overtime compensation; whether LinkSquares failed to pay Plaintiff and other potential collective and class Members overtime compensation for all of the overtime hours they worked; the amount of overtime worked by Sales Representatives for which LinkSquares did not compensate them; whether the failure to pay overtime was willful and/or lacking in good faith; and whether collective and class treatment of Plaintiff's claims is appropriate.

As explained more below, Plaintiff intends to prove his claims through discovery into, among other things, LinkSquares's collective and classwide policies and practices with respect to Sales Representatives' job duties (including the job description, training, supervision, and evaluation processes that LinkSquares applied to Sales Representatives) and Sales Representative compensation and LinkSquares's basis for classifying Sales Representatives as exempt. Plaintiff may also seek discovery on systems that could reflect time worked in the absence of formal time records, which could be related to damages for time that LinkSquares

"suffered or permitted" Sales Representatives to work and the burden shifting analysis under *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-88 (1946).

Plaintiff's discovery will include depositions of corporate designees and/or other specific individuals regarding these and other policies, practices, and systems. The document discovery may entail negotiating over various issues relating to electronically stored information (ESI), including appropriate ESI custodians, search process, and database discovery. Witnesses may include current and former LinkSquares employees who set the company's policies and practices with respect to Sales Representatives' classification as overtime ineligible and other individuals responsible for the company's FLSA compliance, Sales Representatives, Sales Representatives' managers, and database custodians. This discovery is necessary to enable the parties to determine whether any of LinkSquares's asserted exemptions to the FLSA or MWL's overtime protections apply and the extent of damages.

*Defendant's Statement*

Defendant properly paid Plaintiffs Caicedo and Spring for all hours worked. Accordingly, Plaintiffs may not recover damages pursuant to the FLSA or Massachusetts law. The relevant exemptions are set forth at length in Defendant's Answer (ECF No. 21) and Opposition to Plaintiff's Motion for Court-Authorized Notice (ECF No. 28). The primary factual issues in dispute are whether Plaintiffs Caicedo and Spring performed duties that would support application of any exemption from overtime pay requirements, whether Plaintiffs Caicedo and Spring ever worked more than 40 hours in any week, and, if Plaintiffs establish they were entitled to overtime pay, whether Plaintiffs establish than any violation was "willful" within the meaning of the statute. Defendant intends to take discovery as to these and all related issues from the current Plaintiffs and any other individual who files a consent to join. The exemptions and

other defenses that Defendant asserts must be assessed on an individual basis.

Defendant will conduct a reasonably diligent search for ESI that is responsive to non-objectionable discovery requests. Defendant will review Plaintiffs' discovery requests served 01/30/2025 to determine a reasonable scope as to the current Plaintiffs only that would not be unduly burdensome.

## II.   Plaintiff's Notice Motion and Other Motion Practice

*Plaintiff's Statement.*

With respect to motion practice, Plaintiff filed his Motion for Court-Authorized Notice Pursuant to 29 U.S.C. § 216(b) ("Notice Motion") on December 17, 2024, ECF No. 19 & 20, and LinkSquares filed its brief in opposition on January 21, 2025. ECF No. 28. Among other things, Defendant's opposition asserted that 81 individuals in Plaintiff's proposed collective (57 Account Executives and 24 Sales/Business Development Representatives) signed a release agreement covering their FLSA and MWL claims. *Id* at 4. On January 22, 2025, the Court dismissed Plaintiff's Notice Motion "without prejudice to its renewal once the issue of releases and similarity of potential class members has been addressed." ECF No. 29. Accordingly, Plaintiff intends to refile his Notice Motion with the intention of excluding the 81 individuals who Defendant asserted are subject to FLSA and MWL releases from the proposed collective. Plaintiff believes that this modification to the collective is sufficient to address the Court's January 22 Order, and Plaintiff intends to proceed with collective and classwide discovery and renew his Notice Motion imminently. As the case progresses, Plaintiff also intends to file a Rule 23 class certification motion, and, potentially, a motion for summary judgment with respect to Defendant's claimed exemption defenses.

*Defendant's Statement*

Defendant opposes any period of targeted discovery pertaining to members of the proposed collective who have not joined this action, expressed any interest in Plaintiff's claims or this litigation, or authorized the release of their personal information to Plaintiff or his counsel. The Court should order this matter to proceed in the ordinary course on Plaintiff Caicedo's and Spring's individual claims only. Defendant notes that merely excluding individuals who signed releases does not resolve the numerous other issues requiring denial of any renewed motion for FLSA notice.

*Joint Statement*

The parties agree and stipulate to the filing of replies for the moving party with respect to any motion filed by either party provided that such reply does not exceed ten pages. The parties agree they may otherwise file reply or surreply memoranda only with leave of the Court.

### III. Joint Discovery Plan

#### A. Initial Disclosures

Per Rule 26(a)(1)(A), the parties exchanged their initial disclosures on January 30, 2025.

#### B. Discovery Plan

The parties generally agree to abide by the relevant provisions set forth in the Federal Rules of Civil Procedure and Local Rules that govern discovery.

*Plaintiff's Statement.*

Plaintiff proposes that the parties meet and confer for a period of two weeks after the Court's decision on Plaintiff's renewed Notice Motion and the close of any subsequent notice period, *i.e.*, once the size of the collective is known based on the opt-in response, and then file a joint proposed plan regarding opt-in discovery, if the parties reach agreement; or, if the parties are unable to reach an agreement regarding some or all aspects of opt-in discovery, Plaintiff

proposes that the parties brief the disputes two weeks later.

Plaintiff believes this is the most efficient course of action for the parties and the Court because, depending on the number of opt-in plaintiffs and the overall size of the collective, the parties may easily be able to reach agreement on the appropriate scope of opt-in discovery. However, Plaintiffs oppose any categorial position to take depositions of *all* opt-in plaintiffs without knowing the number of depositions that would entail or whether such an approach would be relevant and proportional to the issues at hand. *See, e.g., Roy v. FedEx Ground Package Sys.*, *2019 U.S. Dist. LEXIS 222312, at \*5* (D. Mass. Dec. 30, 2019) (denying written discovery for all opt-ins and finding that "about 10% of the total number, is an adequate representative sample").

*Defendant's Statement.*

If the Court at any point permits an FLSA collective action, Defendant reserves the right to serve written discovery on all opt-in plaintiffs. Depending on the number of opt-in plaintiffs, Defendant reserves the right to take the depositions of all opt-in plaintiffs. Any plaintiff who may join this suit by filing a consent to join maintains the rights and obligations of any other plaintiff who has chosen to assert claims. With the exclusion of the 57 Account Executives who signed releases, there are about 70 Account Executives in the proposed collective, in contrast to the "approximately 550 individuals" who submitted opt-in forms in the case relied upon by Plaintiffs, *Roy v. FedEx Ground Package Sys., Inc.*, No. 3:17-CV-30116-KAR, 2024 WL 2025763, at \*1 (D. Mass. May 7, 2024). Defendant intends to take in-person depositions of Plaintiffs Caicedo and Spring in Boston, agrees that Plaintiffs' counsel may attend remotely and agrees to confer about additional depositions being taken remotely.

*Joint Statement.*

Otherwise, the parties agree that phased discovery is not appropriate for this matter. The

parties agree to accept electronic service of discovery and to meet and confer regarding the taking of remote depositions, if appropriate, in order to reduce costs, expenses, and travel time.

The parties are discussing entering into a stipulated ESI order. Plaintiff sent a proposed ESI protocol to LinkSquares on January 16, 2025, which LinkSquares is currently reviewing. Plaintiff also identified an eDiscovery liaison, who participated in the parties' Rule 26(f) conference, and has requested that LinkSquares designate its own eDiscovery liaison. Plaintiff is awaiting LinkSquares's response to its questions about sources of ESI, his request for a conferral between the parties' respective eDiscovery liaisons, and for a response to the proposed ESI protocol. Plaintiff asserts that a negotiated agreement on how to conduct ESI is best for both parties.

    **C.**    **Pretrial Schedule**

*Plaintiff's Proposal.*

    *Court Endorsement if Court elects Plaintiff's proposal* \_\_\_\_

Plaintiff proposes the following conditional pretrial schedule based on the timing regarding of the Court's resolution of Plaintiff's renewed Notice Motion. Defendant opposes this request.

- If Plaintiff's renewed § 216(b) Notice Motion is granted, fact discovery shall be completed 180 days after the close of the § 216(b) notice period. The parties shall then meet and confer for a period of two weeks after the close of the § 216(b) notice period, once the size of the collective is known based on the opt-in response, and then filing a joint proposed plan regarding opt-in discovery, if the parties reach agreement; or, if the parties are unable to reach an agreement regarding some or all aspects of opt-in discovery, the parties can brief the disputes two weeks later.

7

- If Plaintiff's renewed § 216(b) Notice Motion is denied, fact discovery shall be completed 90 days after the Court's order on the motion.
- All expert discovery, including disclosures, reports, production of underlying documents, and depositions, shall be completed by 45 days after the close of fact discovery.
- All discovery shall be completed no later than 60 days after the close of fact discovery.
- Any motion for class certification must be filed no later than 30 days after the completion of all discovery.
    - Any motion for summary judgment must be filed no later than 30 days after the Court's order on any motion for class certification.

*Joint Proposal.*

*Court Endorsement if Court elects Joint Proposal:* N/HY

In the event that the Court prefers to enter a fixed pretrial schedule, the parties propose the following:

- Case management conference: To be scheduled by the Court in August or September 2025.
- Amended pleading deadline: (The only disputed point in this Joint Proposal)
    - *Plaintiff's position:* The parties may amend their pleadings as of right up to four weeks after the opt in period, if any, on Plaintiff's renewed § 216b Notice Motion, and thereafter may only move to amend per the relevant Local Rules and Federal Rules.
        - Court's endorsement: ____

8

- *Defendant's position:* Except for good cause shown, Plaintiffs will file any motion to amend within one week after the denial of any further motion pursuant to 216(b) or the close of any opt-in period following a grant of any such motion.
    - Court's endorsement: *w/BY*
- All fact discovery shall be completed by November 21, 2025.
- Any trial experts must be designated and the information contemplated by Fed. R. Civ. P. 26(a)(2) disclosed by December 9, 2025. Any rebuttal trial experts must be designated and the information contemplated by Fed. R. Civ. P. 26(a)(2) disclosed by January 9, 2026.
- All expert discovery, including depositions, shall be completed no later than January 23, 2026.
- Any motion for class certification must be filed no later than December ~~31~~ 10, 2025. *w/BY*
- Any motion for summary judgment must be filed no later than January ~~21~~ 15, 2026. *w/BY*
- Final pretrial conference: To be scheduled by the Court in February 2026.
    - Tentative trial date: March 2026.

*Plaintiff's Proposal:*

Plaintiff expects to conduct discovery focused on class and collective certification issues. *Doyon v. Rite Aid Corp.*, 279 F.R.D. 43, 46 (D. Me. 2011) (permitting discovery on putative class members pre-class certification in a wage and hour case). Accordingly, Plaintiff will seek discovery related to his federal FLSA collective claims and Massachusetts Rule 23 state law claims, and will seek discovery into the relief sought (damages, interest, other monetary relief, and equitable relief). Plaintiff intends to pursue focused document discovery coupled with a

reasonable number of depositions of corporate designees and/or other specific individuals regarding Defendant's policies and practices.

*Defendant's Proposal:*

Defendant opposes class/collective discovery. Defendant agrees to conduct discovery into Plaintiff Caicedo's and Spring's terms and conditions of work, including duties and compensation, and Defendant's decision to classify Plaintiffs Caicedo and Spring as exempt. Defendant objects to the Court entering any advisory ruling about the scope of discovery at this time. Plaintiffs served discovery requests on January 30, 2025. Defendant intends to object to class/collective discovery in response to those requests. Plaintiffs may determine whether to move to compel discovery after reviewing Defendant's objections and responses.

### IV. Consent to Proceed before a Magistrate Judge

Per Local Rule 16.1, the parties do not consent to proceed before a Magistrate Judge at this time.

### V. Alternative Dispute Resolution and Settlement Negotiations

Plaintiff has conveyed to Defendant his interest in exploring a potential early resolution of his claims and the claims of putative collective and class Members. As Plaintiff has explained to Defendant, Plaintiff will prepare a monetary settlement demand upon the receipt of documents and data in Defendant's sole possession relevant to Plaintiff and the putative collective and class Members that allows Plaintiff to reasonably base any monetary and other demands to the objective evidence in the case. Defendant has not agreed to engage in mediation to date or produce data that Plaintiff would need to make a specific and reasoned settlement demand, but the parties are open to a potential private mediation in the future. The parties agree that other Alternative Dispute Resolution (ADR) mechanisms offered by the Court per Local Rule 16.4 are

not appropriate at this time.

## VI.  Trial

Both parties request a jury trial.

Dated: February 3, 2025                                                                 Respectfully submitted,

<table>
<tr><td>

*/s/ Mikael Rojas*
Mikael Rojas*
OUTTEN & GOLDEN LLP
1225 New York Avenue NW
Suite 1200B
Washington, DC 20005
Tel.: (202) 847-4400
Fax: (646) 952-9114
Email: mrojas@outtengolden.com

Melissa L. Stewart*
Emma R. Janger*
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, NY 10017
(212) 245-1000
mstewart@outtengolden.com
ejanger@outtengolden.com

Hillary Schwab, BBO #66029
FAIR WORK, P.C.
192 South Street, Suite 450
Boston, MA 02111
Tel.: (617) 607-3261
Fax: (617) 488-2261

</td><td>

*/s/ Barry Miller*
Barry Miller (BBO# 661596)
bmiller@seyfarth.com
Hillary Massey (BBO# 669600)
hmassey@seyfarth.com
SEYFARTH SHAW LLP
Seaport East
Two Seaport Lane, Suite 1200
Boston, Massachusetts 02210-2028
Telephone: (617) 946-4800
Facsimile: (617) 946-4801

*Attorneys for Defendant*

</td></tr>
</table>

\* Admitted *Pro Hac Vice*

*Attorneys for Plaintiff and the Proposed Class and Collective*

## CERTIFICATE OF SERVICE

I hereby certify that, on February 3, 2025 this document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

/s/ *Mikael Rojas*
Mikael Rojas